IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHESTER O'QUINN, #N22797,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 12-672-GPM |
| | ) |
| **D. REDNOUR,** | ) |
| **E. KAESBURG,** | ) |
| **BETSY SPILLER,** | ) |
| **GLENN BARTON,** | ) |
| **COUNSELOR LAWRENCE, and** | ) |
| **GLADYSE C. TAYLOR** | ) |
| | ) |
| **Defendants.** | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff Chester O'Quinn, an inmate at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff is serving a seventy year sentence for murder.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>  (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to dismissal.

**The Complaint**

In June 2010, Plaintiff ordered *The Pill Book*. When it arrived, Menard's Publication Committee reviewed the book and informed Plaintiff the book was on the banned book list. Plaintiff appealed the decision. Plaintiff told Defendant E. Kaesburg, the publication review officer who signed the rejection form, that he would be filing a grievance. Plaintiff filed a grievance on July 23, 2010. Plaintiff gave the grievance and a copy of the publication review form to his counselor, Defendant Glenn Barton. A few weeks later, Plaintiff was reassigned to Defendant Counselor

Lawrence. Plaintiff asked Defendant Lawrence to look into the status of Plaintiff's appeal. When Defendant Lawrence reported "he" did not have it, Plaintiff gave copies of both documents to Defendant Lawrence (it is unclear whether Plaintiff is referring to Kaesburg, Barton, or Lawrence when Plaintiff uses the words "he" in this section of the complaint).

After a few weeks without a response, Plaintiff wrote Defendant Betty Spiller, who is both Barton and Lawrence's supervisor, and inquired about the grievance. Several weeks later, after receiving no response, Plaintiff wrote a letter of inquiry to Defendant Warden Dave Rednour. Plaintiff again heard nothing, and finally wrote a letter to the Administrative Review Board of the Illinois Department of Corrections, which also did not respond. Plaintiff feels the aforementioned Defendants failure to respond to Plaintiff's inquiry is a violation of the Fourteenth Amendment.

According to Plaintiff, he requested the book due to his multiple medical conditions, which require Plaintiff to take a variety of medications. Plaintiff discovered from reading a copy of the same book that two of his medications should not be taken together (Doc. 1, p. 5). Without this book, Plaintiff feels his health is compromised. Plaintiff asserts the book "is not a threat to security" and it was banned arbitrarily (Doc. 1, p. 5).

Plaintiff seeks two injunctions; one to grant Plaintiff possession of the book, and the other to remove the banned book list. Plaintiff also seeks nominal, pecuniary, compensatory, punitive, and future damages.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two (2) counts. The parties and the Court will use these designations in all future

pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 – Access to Reading Material**

Plaintiff argues that Menard's banned book list violates the First Amendment, in denying him access to certain books arbitrarily. Plaintiff wishes to obtain the book in question, *The Pill Book*, due to his health conditions.

In *Turner v. Safley*, 482 U.S. 78 (1987), the Supreme Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Id*. at 89. The Court has cited several factors to consider in determining whether a prison's regulation is reasonable. *Id*. First, there must be a "'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it." *Id*. (citing *Block v. Rutherford*, 468 U.S. 576, 586 (1984)). Second, a court must consider "there are alternative means of exercising the right that remain open to prison inmates." *Id*. at 90. Third, "is the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally." *Id*. Fourth, "the absence of ready alternatives is evidence of the reasonableness of a prison regulation." Id. (citing *Rutherford*, 468 U.S. at 587.

Plaintiff argues that he needs the book to monitor his health. However, the Seventh Circuit Court of Appeals rejected a similar argument where an inmate sought to possess two drug reference books in order to prevent dangerous drug mixtures and side effects. *See Munson v. Gaetz*, 673 F.3d 630, 634 (7th Cir. 2012)("Assessing the rational relationship between (A) the unquestionably legitimate and neutral government objective of restricting

prisoner access to drug-related information and (B) the prison's decision to bar . . . [plaintiff] from personally possessing the . . . [drug reference books] takes no leap of logic or imagination.")

There is a legitimate purpose in restricting prisoners from owning books containing drug-related information, even for health purposes.  Menard's decision to restrict Plaintiff from owning *The Pill Book* is a reasonable means of accomplishing a Government objective.  Plaintiff cannot show a violation of his First Amendment rights.  Plaintiff's claim shall be dismissed with prejudice.

**Count 2 – Due Process Failure to Address Grievances**

Plaintiff names Defendants Lawrence and Barton for failing to file Plaintiff's grievance.  Spiller and Rednour are also named as Defendants by Plaintiff for failing to respond to inquiries Plaintiff sent them about the ignored grievances.  Plaintiff claims Defendant Kaesburg failed to process Plaintiff's grievance when Plaintiff told Kaesburg he would be filing a grievance protesting the Publication Review Board's decision.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995).  The failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).  Because Plaintiff's complaints regarding the handling of his grievances do not rise to the level of a constitutional violation, he has failed to state a due process claim against Defendants Lawrence, Barton, Spiller, Rednour, and Kaesburg.  This claim shall be dismissed with prejudice.

**Defendant Gladyse C. Taylor**

Plaintiff names Defendant Taylor in the caption of his complaint, but fails to make any reference to Taylor throughout the body of the complaint. The Court is unable to ascertain what claims, if any, Plaintiff makes against Taylor.

In general, courts must liberally construe a *pro se* plaintiff's complaint. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, a *pro se* plaintiff must make some reference to a named defendant in the body of the complaint. *Myles v. United States*, 416 F.3d 551, 553 (7th Cir. 2005). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Here, since Plaintiff makes no reference to Taylor in the body of the complaint, Plaintiff has not adequately stated a claim against Taylor. Defendant Taylor shall be dismissed from this action without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** and **COUNT 2** fail to state a claim upon which relief may be granted, and are **DISMISSED with prejudice**. Defendant **TAYLOR** is **DISMISSED** from this action **without prejudice**.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.** /s/ *G. Patrick Murphy*
DATED: August 7, 2012                                     G. PATRICK MURPHY
                                                          United States District Judge